CROWLEY v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 79749. Submitted May 21, 1985, at Detroit.—Decided July
16, 1985. Leave to appeal applied for.

Chad Crowley, an active duty member of the U.S. Navy, was
injured in an automobile accident. His medical care, treatment,
and rehabilitation were provided first by the U.S. Navy and,
following his discharge for 100% disability, by the Veterans'
Administration. Seeking to obtain no-fault personal protection
insurance benefits, Crowley filed suit in Wayne Circuit Court
against Detroit Automobile Inter-Insurance Exchange, the no-
fault insurer of the automobile in which Crowley was riding at
the time of the accident, and Western Casualty and Surety
Company, the no-fault insurer of the automobiles owned by
Crowley's parents. Following a bench trial, the court, Paul S.
Teranes, J., ruled that the medical and health benefits paid by
the U.S. Navy and the Veterans' Administration were not
subject to the mandatory setoff provision of the no-fault act and
held that DAIIE was liable for no-fault benefits in the amount
of $145,150, plus interest. DAIIE appealed. *Held:*

The trial court erred in awarding duplicate benefits. Military
benefits fall under the mandatory setoff provision of the no-
fault act.

Reversed.

1. INSURANCE — NO-FAULT INSURANCE — REDUCTION OF BENEFITS.

Benefits provided or required to be provided under the laws of
any state or the federal government must be deducted from
personal protection insurance benefits otherwise payable for an
injury incurred in a motor vehicle accident where (1) they serve
the same purpose as the personal protection benefits and (2)
they are provided or are required to be provided as a result of
the same accident (MCL 500.3109[1]; MSA 24.13109[1]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, Automobile Insurance § 340 *et seq.*
Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

2. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — REDUCTION
OF BENEFITS — VETERANS BENEFITS.

The provision of the no-fault insurance act which reduces the
benefits payable pursuant to that act to the extent of govern-
ment benefits received because of an automobile accident ap-
plies to U.S. Navy and Veterans' Administration benefits re-
ceived as a result of the automobile accident giving rise to the
no-fault insurance claim (MCL 500.3109[1]; MSA 24.13109[1]).

*Goodman, Eden, Millender & Bedrosian* (by
*James A. Tuck* and *Joan Lovell),* for plaintiff.

*Dickinson, Brandt, Hanlon, Becker & Lanctot*
(by *Randolph Judd),* and *Gromek, Bendure &
Thomas* (by *John A. Lydick),* of counsel, for Detroit
Automobile Inter-Insurance Exchange.

Before: V. J. BRENNAN, P.J., and D. E. HOL-
BROOK, JR. and C. W. SIMON,* JJ.

PER CURIAM. Plaintiff instituted this action
against the Detroit Automobile Inter-Insurance
Exchange and the Western Casualty and Surety
Company[1] seeking personal protection insurance
benefits under the Michigan no-fault act. Plaintiff
was seriously injured in an automobile accident
and has been rendered a paraplegic. Plaintiff's
medical and health expenses have been paid for by
the United States Navy and the Veterans' Admin-
istration. The trial court ruled that those benefits
were not subject to the mandatory setoff provision,
MCL 500.3109(1); MSA 24.13109(1), and held that
DAIIE was liable for no-fault benefits in the
amount of $145,150 plus interest. DAIIE appeals
as of right.

The sole question presented to us on appeal is

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Western was dismissed from this action and is not a party to this
appeal. Additionally, the dismissal of Western is not being appealed
by either party.

whether the benefits provided by the military are "other medical coverage" subject to the permissive setoff of MCL 500.3109a; MSA 24.13109(1):

"Sec. 3019a. An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household."

Or, if these benefits are "provided or required to be provided" pursuant to MCL 500.3109(1); MSA 24.13109(1):

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

This Court has twice held that military health benefits fall within the purview of § 3109(1). *Bagley v State Farm Mutual Automobile Ins Co,* 101 Mich App 733; 300 NW2d 322 (1980), and *Dengler v State Farm Mutual Ins Co,* 135 Mich App 645, 650; 354 NW2d 294 (1984). Plaintiff, however, suggests that these cases are inapplicable as *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981), was not distinguished. *LeBlanc* dealt with Medicare insurance and held that:

"Medicare is 'other health and accident coverage' qualifying for § 3109a's permissive set-off. We perceive no just reason to differentiate Medicare from other, more traditional, forms of health and accident coverage

which irrefutably are with the scope of § 3109a." 410 Mich 205.

Plaintiff argues that Medicare and military benefits should be treated the same and asks us to extend *LeBlanc* to the instant situation. We decline to do so.

The Court in *LeBlanc,* specifically limited its holding to only Medicare and did not express an opinion as to other possible forms of health coverage. 410 Mich 207. Furthermore we find the two programs distinguishable. The military is required to provide medical care, 10 USC 1071, while Medicare is only a federally funded insurance program for the elderly. 410 Mich 198. The military provides 100 percent coverage and Medicare only covers a percentage of the cost. Additionally, we note that neither party has presented evidence regarding the essential purpose of § 3109a, which was to reduce duplicative insurance coverage, thereby reducing insurance premiums. 410 Mich 197. Plaintiff has not presented evidence that defendant was unaware of his military status and that such status would have reduced his no-fault premiums. Nor has plaintiff shown that he has incurred any expenses not already covered by the military. While *LeBlanc* stated that a certain amount of duplicate coverage may be unavoidable, nowhere do we find support for the proposition that plaintiff should be entitled to a windfall in the amount of the expense of his entire medical care. Permitting plaintiff to retain this windfall would be contrary to the purposes of the no-fault act.

The Legislature intended duplicate benefits to be offset to help reduce or contain the cost of insurance. *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524, 544; 273 NW2d 829 (1979).

The test for determining whether the benefits fall under § 3109(1) is stated in *Jarosz v DAIIE,* 418 Mich 565, 577; 345 NW2d 563 (1984).

"We conclude that the correct test is: state or federal benefits 'provided or required to be provided' must be deducted from no-fault benefits under § 3109(1) if they:

"1) Serve the same purpose as the no-fault benefits, and

"2) Are provided or are required to be provided as a result of the same accident." (Footnote omitted.)

The military benefits serve the same purpose as no-fault benefits. Both benefits would be for plaintiff's medical care from the same injury for the exact same procedures, tests, care and doctors. Such benefits are triggered by the same accident and are only payable due to plaintiff's injury. Accordingly, we find that the trial court erred in awarding duplicate benefits. Military benefits fall under the mandatory setoff provision of § 3109(1), *Bagley, supra,* and *Dengler, supra.*

Reversed. Costs to appellant.